THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUIS AGUIRRE AGUILAR, | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. 4:17-cv-1606 |
| | § |
| BECHTEL OG&C CONSTRUCTION | § |
| SERVICES, INC. and BECHTEL | § |
| OIL, GAS AND CHEMICALS, INC., | § |
| | § |
|     Defendants. | § |

PLAINTIFF'S ORIGINAL COMPLAINT

SUMMARY OF SUIT

1. Defendant Bechtel OG&C Construction Services, Inc. ("Bechtel Construction") and Defendant Bechtel Oil, Gas and Chemicals, Inc. ("Bechtel Oil & Gas") (collectively, "Bechtel") did not properly calculate and pay Plaintiff Luis Aguirre Aguilar ("Aguirre") the correct overtime rate of pay for hours he worked over forty (40) in each workweek. Accordingly, Aguirre brings this action to recover all earned but unpaid overtime wages, liquidated damages, and attorneys' fees owed to him under the Fair Labor Standards Act, 29 U.S.C. § 207 (2017) (the "FLSA").

2. In addition, Bechtel breached its agreement with Aguirre to pay him a completion bonus pursuant to its Performance and Attendance Bonus plan (the "PAB Plan"). As such, Aguirre also seeks to recover all amounts due, owing and unpaid to him pursuant to the PAB Plan, along with corresponding attorneys' fees and costs of court incurred.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2017) and 28 U.S.C. § 1331 (2017).

4. Aguirre brings this Complaint in the district in which Bechtel does business and has its principal. As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2017).

## THE PARTIES

5. Aguirre, a resident of Jefferson County, Texas, was employed by Bechtel within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint. Aguirre, who regularly worked more than forty (40) hours per week, was not properly compensated for the overtime hours he worked. In performing his duties, Aguirre engaged in commerce or in the production of goods for commerce.

6. Bechtel Construction is a foreign corporation authorized to do business in the State of Texas with its principal place of business in Houston, Texas. Bechtel Construction, an enterprise engaged in commerce, has acted, directly or indirectly, in the interest of an employer with respect to Aguirre and may be served with process by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Bechtel Oil & Gas is a foreign corporation authorized to do business in the State of Texas with its principal place of business in Houston, Texas. Bechtel Oil & Gas, an enterprise

engaged in commerce, has acted, directly or indirectly, in the interest of an employer with respect to Aguirre and may be served with process by serving its registered agent,CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

BACKGROUND

8. Bechtel is a global leader in the integrated design, procurement, construction and project management of oil, chemical and natural gas facilities. During each of the three (3) years preceding the filing of this lawsuit, Bechtel generated gross revenues of at least $500,000.00.

9. In 2005, Bechtel contracted with an energy company to build an LNG Terminal located at Sabine Pass which borders both Texas and Louisiana. Recently, Bechtel began work modifying the terminals which is known as the Sabine Pass Liquefaction Project (the "Project") where Aguirre was employed.

10. Aguirre was employed by Bechtel at the Project and paid an hourly rate of pay. In addition, Aguirre was paid a weekly "per diem" allegedly as reimbursement for lodging and meals. However, Aguirre lives in Port Arthur and commuted back and forth to the job site each working day.

11. As a result, Aguirre's "per diem" is more properly characterized as wages subject to inclusion in his regular rate of pay for purposes of overtime compensation. Consequently, Aguirre was not paid one and one-half times his regular rate of pay for

each overtime hour worked.

12. In addition, Aguirre was a participant in the PAB Plan. Specifically, Aguirre was entitled to a bonus payment in May and upon the Project's completion. Alternatively, Aguirre was entitled to payment of his remaining account balance in the event of a reduction in force. Rather than pay Aguirre his bonus, however, Bechtel terminated Aguirre's employment shortly before the payment became due and owing for an alleged safety violation.

## CAUSES OF ACTION

### A. Violations of the FLSA

13. At all times material to his employment, Aguirre regularly worked more than forty (40) hours in a workweek. Unfortunately, Aguirre was not paid one and one-half times his regular rate of pay for his overtime hours worked.

14. No exemption excuses Bechtel from paying Aguirre overtime compensation nor has Bechtel made a good faith effort to comply with the FLSA. Instead, Bechtel knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the manner in which Aguirre was compensated.

15. Accordingly, Bechtel's practice of failing to properly compensate Aguirre for all overtime hours worked is and was a clear violation of the FLSA.

16. Accordingly, Aguirre is entitled to his unpaid overtime compensation in an amount which is one and one-half times (1½) his

appropriate regular rate of pay.

17. Additionally, Aguirre is entitled to an amount equal to all of his unpaid overtime compensation as liquidated damages.

18. Finally, Aguirre is entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b) (2017).

B. <u>Breach of Agreement</u>

19. In addition to his weekly compensation, Aguirre was entitled to payment of a bonus under the PAB Plan. The PAB Plan bonus was payable in increments with a final bonus payment due at the completion of the Project (the "Completion Bonus"). Bechtel employees who are terminated for cause are not eligible to receive the Completion Bonus. Rather than pay Aguirre the Completion Bonus, Bechtel terminated Aguirre for an alleged safety violation.

20. The breach of the PAB Plan by Bechtel relating to payment of bonus amounts to which Aguirre was contractually entitled has resulted in damage to Aguirre for which amount Aguirre sues, along with reimbursement of his reasonable attorneys' fees.

<u>PRAYER</u>

WHEREFORE, Plaintiff Luis Aguirre Aguilar requests that this Court award him judgment, jointly and severally, against Defendant Bechtel OG&C Construction Services, Inc. and Defendant Bechtel Oil, Gas and Chemicals, Inc. for:

    a.    damages for the full amount of his unpaid overtime compensation;

    b.    an amount equal to his unpaid overtime

compensation as liquidated damages;

c. actual damages for breach of the PAB Plan;

d. reasonable attorneys' fees, costs and expenses of this action;

e. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

f. such other and further relief as may be allowed by law.

Respectfully submitted,

/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:
WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com